UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. FOGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06CV595(cdp) |
| ) | |
| ALAN BLAKE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Michael L. Fogle for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civil detainee involuntarily confined as a "sexually violent predator" pursuant to Missouri Revised Statutes §§ 632.480 - .513, seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Alan Blake, M. Bellew-Smith, "Dee" Wolff, John and Jane Does, and Anita Payne. Plaintiff claims that he has been punished for violating institutional rules without due process of law.

## Discussion

The Court notes that plaintiff's complaint fails to allege how defendants Blake, Bellew-Smith, Wolf, and Payne were personally and directly responsible for the disciplinary actions taken against him (allegedly without due process). Consequently, such claims would normally be dismissed. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Furthermore, plaintiff's claims against the John and Jane Does would also usually be dismissed because fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain specific enough to permit the identity of the unknown defendants to be determined because the number of

unnamed defendants is indeterminate.  This is not permissible.  <u>See</u> <u>Estate of Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).  Before the complaint is dismissed, however, plaintiff should be given the opportunity to correct these defects.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this order plaintiff shall submit an amended complaint in which plaintiff (1) alleges how each defendant is personally and directly involved in depriving him due process of law in connection with the punitive sanctions imposed upon him; and (2) identifying the exact number of unknown, "John and Jane Doe" defendants plaintiff wishes to bring suit against and providing more information about each conduct violation each unknown defendant allegedly gave to plaintiff (i.e., state the approximate date and time of the alleged violation and the nature of violation alleged).

**IT IS FURTHER ORDERED** that if plaintiff fails to submit an amended complaint within the time specified above, then this

action may be dismissed without prejudice.

Dated this 14th day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**