UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL L. FOGLE,                    )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )        Case No. 4:06CV595  CDP
                                     )
ALAN BLAKE, et al.,                  )
                                     )
        Defendant.                   )

## MEMORANDUM AND ORDER

Plaintiff Michael Fogle is a civil detainee involuntarily confined pursuant to

Missouri's Sexually Violent Predator Act (SVPA), Mo. Rev. Stat. § 632.480 *et*

*seq.*  Fogle seeks monetary and injunctive relief for alleged violations of his

constitutional rights under 42 U.S.C. § 1983, namely that he has been punished

without due process of law.  Defendants are employees at the Missouri Sexual

Offender Treatment Center (MSOTC) where Fogle is being detained.  Defendants

seek dismissal for failure to state a claim upon which relief can be granted under

Fed. R. Civ. P. 12(b)(6).  Because I find that Fogle has plead sufficient facts to

withstand dismissal, I will deny the motion.

## I.    Background

Plaintiff Michael Fogle is being detained at the Missouri Sexual Offender

Treatment Center (MSOTC) in Farmington, Missouri, pending a court

determination as to whether he should be committed as a sexually violent predator under the SVPA, Mo. Rev. Stat. § 632.480 *et seq.* Defendants Alan Blake, Martha Bellew-Smith, Deanna Wolf, Anita Payne, Clayton Miller, and Pat Weaver are employees at MSOTC. On April 6, 2006, Fogle filed this suit seeking monetary and injunctive relief, alleging multiple violations of his constitutional rights. Fogle clarified his allegations in an amended complaint filed June 22, 2006.

On October 7, 2005, Fogle received a violation for breaking the MSOTC rule of "threatening bodily harm" because of his unfinished statement to another resident: "If you drop that door on me one more ____ time ...." As a result of the violation Fogle alleges that he received punitive sanctions without any due process procedural protections such as fair notice, impartial hearing, or an opportunity to defend himself. Instead, he says the sanctions were imposed immediately and without review. The sanctions he received lasted 14 days and were rated at a severity level of "intolerable." Fogle asserts that the sanctions included the following punishments: almost complete confinement to the ward between 9 a.m. and 9 p.m., denial of his indigent patient funds, denial of access to canteen purchases, denial of receipt of personal packages, denial of visitation except public defender, denial of access to phone calls except to public defender, denial of right to use most personal property, denial of access to library services, denial

of participation in recreational activities, required to sit in hard plastic chair for most of the day, and mandatory social ostracism.

## II. <u>Discussion</u>

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P.  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Young v. City of St. Charles, Mo.</u>, 244 F.3d 623, 627 (8th Cir. 2001).  When considering a motion pursuant to Rule 12(b)(6), the court must assume the factual allegations of a complaint are true and must construe those allegations in favor of the plaintiff.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989).

Fogle alleges that defendants violated his Fourteenth Amendment right to procedural due process protections, his Eighth Amendment right to be free from illegal and excessive punishments, and a Missouri state law that forbids punishment of mental health patients.  Defendants have moved for dismissal, arguing that Fogle fails to allege that defendants deprived him of a constitutionally protected interest that would have afforded Fogle procedural due process

protections. Defendants argue that Fogle has no Eighth Amendment claim because his confinement is not punitive in nature and that he cannot state a due process § 1983 claim based on the imposition of a sanction without a hearing.

Missouri's Sexually Violent Predator Act (SVPA) authorizes the civil commitment of sexually violent predators who have pled guilty, been found guilty, been found not guilty by reason of mental disease or defect, or have been committed as a criminal sexual psychopath. Mo. Rev. Stat. § 632.480(5). If probable cause exists to believe that a person is a sexually violent predator, the person will be taken into custody and transferred to an appropriate secure facility to house that person. § 632.489. The person is to be evaluated to determine whether he or she is a sexually violent predator and a trial is to be held within sixty days after completion of the evaluation. § 632.489-492.

Probable cause was found for Fogle's detainment and he is currently awaiting trial to determine if he is a sexually violent predator. I agree with the defendants that Fogle's status as a person awaiting civil commitment proceedings is comparable to that of a pretrial detainee. Brown v. Budz, 398 F.3d 904, 910 (7th Cir. 2005). The rights of pretrial detainees are analyzed under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Johnson-El v. Schoemehl, 878 F.2d 1043,

1048 (8th Cir. 1989).  In this case, the proper analysis for Fogle's claims is the Fourteenth Amendment.  However, the Eighth Circuit has applied the Eighth Amendment "deliberate indifference" standard when evaluating Fourteenth Amendment claims by pretrial detainees.  See Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003).  Therefore, Fogle's allegations under the Eighth Amendment standard are relevant.

As for evaluating liberty interests, the state has no right to punish pretrial detainees, like it does convicted persons.  Bell, 441 U.S. at 535; Johnson-El v. Schoemehl, 878 F.2d at 1048.  In order to determine if a practice constitutes punishment, a court must determine if the practice is punitive in intent, rationally related to a legitimate purpose, or rationally related but excessive in light of its purpose.  Id.  Given that detainees awaiting civil commitment proceedings are comparable to pretrial detainees, the state has no right to punish them either.

Fogle alleges that the sanctions he received as a result of a rule violation constitute punishment.  Defendants argue that the sanctions were part of Fogle's "treatment" and were not punishment.  This is a determination that cannot appropriately be resolved in a motion to dismiss.  Fogle has alleged sufficient facts to suggest that the sanctions he received for the rule violation qualify as punishment.  Assuming the factual allegations of the complaint are true and

construing those allegations in favor of Fogle, this case survives dismissal under Fed. R. Civ. P. 12(b)(6) and defendants' motion is denied.

In addition, Fogle filed a request for entry of default and default judgment, arguing that such relief is appropriate under Federal Rule of Civil Procedure 55 because defendants failed to file a responsive pleading or otherwise defend in a timely manner. On November 14, 2006, process was issued on the amended complaint. Defendants requested an extension of time to file a response to Fogle's complaint on January 12, 2007, and I granted that extension on January 16, 2007. Thereafter defendants filed the motion to dismiss discussed in this memorandum within the time extension allowed by the Court. This is a sufficient and timely response, and default is not authorized by the rules. The Clerk of Court has already denied the request for entry of default for this reason, and I will deny the motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#14] is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [#21] is DENIED.

**IT IS FURTHER ORDERED** that defendants' response to plaintiff's

pending motion for summary judgment is now due on **May 21, 2007** and plaintiff

shall file any reply brief no later than **June 8, 2007**; however, if defendants

combine their response with a cross-motion for summary judgment then plaintiff's

response is not due until **June 21, 2007** and defendants would have until **July 2,**

**2007** to file a reply brief.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2007.